OPINION
{¶ 1} Appellant James R. McDonald appeals a judgment of the Licking County Common Pleas, Juvenile Division, adjudicating him to be a juvenile traffic offender by reason of failing to obey a traffic control device (R.C. 4511.12, R.C. 2151.021):
ASSIGNMENTS OF ERROR
 {¶ 2} THE MAGISTRATE ERRED BY NOT GRANTING APPELLANT'S MOTION TO DISMISS.
 {¶ 3} THE MAGISTRATE ERRED TO THE PREJUDICE OF APPELLANT BY UNFAIRLY ACTING AS PROSECUTOR.
 {¶ 4} THE TRIAL COURT ERRED IN DENYING APPELLANT'S OBJECTIONS/APPROVING THE MAGISTRATE'S DECISION.
{¶ 5} At 8:54 p.m. on August 19, 2001, Corporal Kenneth Loy of the Buckeye Lake Police Department was on stationary patrol on State Route 79 in Licking County. He saw a pickup approach a stop sign on Meyers Avenue, which slowed down, but did not come to a complete stop, before turning right. The officer stopped the vehicle, which was driven by appellant.
{¶ 6} The case proceeded to trial in Licking County Common Pleas Court, Juvenile Division. Officer Loy testified that appellant did not come to a complete stop at the intersection, but rolled through the stop sign. Appellant and a passenger in the car testified that appellant stopped at the stop sign. The magistrate found appellant to be a juvenile traffic offender for failing to obey a traffic control device, in violation of R.C. 4511.12, as applied to juvenile offenders through R.C. 2151.021. The magistrate suspended appellant's driving privileges for one year, as this was his third moving violation since receiving his license. He was also fined $20.
{¶ 7} Appellant filed objections to the magistrate's decision. The court overruled the objections, and upheld the decision of the magistrate.
 I
{¶ 8} Appellant first argues that the court erred in overruling his motion to dismiss, as the prosecution did not meet its burden of proving that the stop sign is in compliance with the uniform traffic control device manual.
{¶ 9} When it has been established that a traffic control device exists, a permissive inference arises that such devices were placed pursuant to lawful authority. Akron v. Cook (1990), 67 Ohio App.3d 640,643. In the instant case, while the officer could not testify as to the date the sign was placed or the exact shape of the sign, a picture of the stop sign was admitted into evidence. Thus, a permissive inference was raised that the sign was in compliance with the manual.
{¶ 10} Appellant attempts to distinguish Cook, supra, on the basis that in Cook, the issue of non-compliance with the manual was not raised at trial. In the instant case, while appellant attempted to cross-examine the officer concerning the date of placement and the shape of the sign, appellant presented no evidence nor specific claim of non-compliance concerning the sign. Thus, the State was not required to prove compliance, but the court could find, in accordance with the permissive inference, that the sign was in a proper position and sufficiently legible to be seen by the ordinary observant person. R.C.4511.12. In fact, appellant stated that he saw the stop sign.
{¶ 11} The first assignment of error is overruled.
 II
{¶ 12} Appellant next argues that the magistrate's questioning of Corporal Loy, called as the court's witness on rebuttal, was an abuse of discretion, as the magistrate was attempting to buttress the State's case.
{¶ 13} In his objections to the magistrate's decision, appellant raised two issues: failure to dismiss the case based on the State's failure to prove that the sign was in compliance with the uniform traffic control device manual, and the finding that appellant was a juvenile traffic offender was against the manifest weight of the evidence. Appellant did not raise an objection pursuant to Evid.R. 614, which he now raises on appeal. Further, appellant did not object at the hearing before the magistrate when the magistrate recalled the officer. We therefore must plain error to reverse.
{¶ 14} Evid.R. 614 provides that the court may, on its own motion, call witnesses, and all parties are entitled to cross-examine a witness thus called. The court may interrogate witnesses in an impartial manner, whether called by itself or by a party. Evid.R. 614 (B). Appellant's claim that the court's examination of Corporal Loy was not impartial is not supported by the record. The magistrate was attempting to clarify how long the officer had watched the vehicle, as he testified he was talking to someone when he saw appellant roll through the stop sign.
{¶ 15} The second assignment of error is overruled.
 III
{¶ 16} Appellant argues that the court erred in overruling his objections to the magistrate's decision.
{¶ 17} Appellant's first objection was based on failure to prove the stop sign was in compliance with the manual. For the reasons stated in assignment of error I, this claim is without merit.
{¶ 18} Appellant's other objection to the magistrate's decision was based on manifest weight of the evidence. As noted by the court in overruling this objection, the testimony presented by the witnesses conflicted, and the magistrate, as the trier of fact, is to determine the credibility of the witnesses, and what weight to give to the testimony. The magistrate obviously believed the citing police officer that appellant did not come to a complete stop at the intersection before proceeding. Appellant placed great weight on the magistrate's comment on the record that he did not believe appellant had lied to the court. Tr. 39. Reading the comment in context, the magistrate went on to state that he believed appellant was convinced he stopped. Tr. 39. The magistrate commented that it is not uncommon, especially among younger drivers, to pull up past the stop sign in order to see, and forget to come to a complete stop. Tr. 40. The magistrate did not say that he believed appellant's testimony that he stopped, but rather that he believed appellant was not deliberately trying to mislead the court.
{¶ 19} The third assignment of error is overruled.
{¶ 20} The judgment of the Licking County Common Pleas Court, Juvenile Division, is affirmed.
By GWIN, P.J., FARMER, J., and BOGGINS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Common Pleas Court, Juvenile Division, is affirmed. Costs to appellant.